IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
MAR 3 0 2001
Michael N. Milby, Clerk

BROWN INNOVATIONS, INC., §
　　　　　　　　　　　　　　 §
　　　　　　Plaintiff, §   CIVIL ACTION NO.
vs. § 
　　　　　　　　　　　　　　 §   H 01 -1090
PEREGRINE SOUTHWEST §
　REPS, INC., §
　　　　　　Defendant. §

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Brown Innovations, Inc. ("Brown") files this its original complaint for patent infringement, injunctive relief and damages against defendant herein, Peregrine Southwest Reps, Inc. ("Peregrine").

### I.

This action arises under the Patent Laws of the United States (Title 35, United States Code, §§271 and 281-287), and this Court has jurisdiction pursuant to §1338(a) of Title 28, United States Code, this being an action relating to patents. Venue is proper in this District under 28 United States Code §1391(b) and (c), and under 28 United States Code §1400(b).

### II.

Plaintiff Brown Innovations, Inc. is a Massachussetts corporation not authorized to do nor doing business within the state of Texas, and is the owner by assignment of all right, title and interest in the patent in suit, United States Letters Patent No. 5,532,438.

## III.

Defendant Peregrine Southwest Reps, Inc. is a Texas corporation with a regular and established place of business situated within this District, at 11321 Richmond Avenue, Houston, Texas 77082. Service of process may be effected upon such corporation at such address, or upon its registered agent for service of process, Mr. Mark Eichert at 3112 Marquis Court, McKinney, Texas 75070.

## IV.

United States Letters Patent No. 5,532,438 (the "patent" or the '438 patent) duly and legally issued on 2 July 1996 to Kevin Brown for a revolutionary invention entitled "Acoustic Imaging Dome". A true copy of this patent is attached hereto as Exhibit 1 and made a part hereof as though fully set out verbatim herein. Plaintiff Brown Innovations, Inc., as the owner by assignment of the entire right, title and interest in and to said patent, has standing to sue for infringement and has the right to sue for and collect damages for past infringement at all times relevant hereto.

## V.

Plaintiff Brown Innovations, Inc. is a small, closely-held corporation having as its president Kevin Brown, the inventor of the inventions disclosed and claimed in the patent in suit. The corporation was formed in 1991 to develop new technology while Mr. Brown was completing his Ph.D. studies at the Massachussetts Institute of Technology. Subsequent to conception of the invention in suit, the company decided to concentrate on developing and marketing the now patented product. Today, this product, along with its related accessories such as speaker systems, dome supports and the like, accounts for virtually all the company's revenues.

## VI.

The patented technology represents a significant advancement over the prior art, which in general tended to utilize the well-known properties of parabolic-shaped acoustic reflectors. It has long been known that sound (or light) emanating from a source at the focal point of a parabola would leave it in parallel "lines", so to speak, of uniform intensity. Dr. Brown realized that what was really needed from acoustic reflecting domes was not the uniform, non-concentrated form of waves produced by parabolas but a more highly focused wave form than could be obtained from a parabola - a "smaller listening area", so to speak. Dr. Brown discovered that he could advantageously produce this more concentrated focus with a reflecting surface substantially spherical in shape, and with a sound source positioned either on or away from the spherical axis, which would permit significant operational advantages. He further discovered that with two sound sources located off-axis he could produce true stereophonic sound at the ears of a listener standing in the proper place under the dome. Thus a listener could simply walk under such a dome and, without the encumbrance or bother of headphones, clearly hear either monaural or stereophonic recordings, without disturbing another person just a few feet away. Such technology is useful not only in music stores but wherever such free area, non-disturbing recorded presentations may be desired, such as other types of retail stores, museums, trade show booths and the like.

## VII.

SoundTube Entertainment, Inc. is a Utah corporation not registered to do business in Texas and, on information and belief, formed by a David Wiener, its president. For some time now Mr. Wiener has had SoundTube imitate Brown

3

Innovations' patented products, and manufacture and sell infringing products and distribute them through a network of distributors and dealers. At least the products marketed and sold under the designations DPS20, FPS20, FPS30 and FP633 infringe at least claim 8 of the patent in suit. Such products typically have a spherical top section of slightly smaller radius, offset or "stepped" from a lower spherical section of slightly larger radius. For example, plaintiff's 20-inch model has, of course, a 10-inch radius; SoundTube's copy, the DPS20, illustrated in Exhibit 2 attached hereto, has a top spherical section with a radius of 9.0 inches, "stepped" out to a lower spherical section of 10.0 inches radius. Each such spherical section has a constant radius within 1/16th of an inch, which is, of course, well within manufacturing tolerances for spherical domes. SoundTube supplies the infringing products to Peregrine, the defendant herein, which in turn infringes the patent in suit at least by selling and offering to sell the infringing products within Texas and within this District. Peregrine may be the exclusive distributor for SoundTube for the territory of Texas, and for other territory as well.

## VIII.

Since the issuance of the '438 patent, plaintiff has developed and marketed a number of different models of acoustic imaging domes, all of which have had the patent number of the patent in suit plainly visible. In addition, both defendant and its manufacturer, SoundTube, have actual notice of the patent but continue to infringe. Such infringement is not only without leave or license of plaintiff but is wilful and deliberate, and will continue until enjoined by this Court.

**Wherefore,** plaintiff prays for a perpetual injunction, after trial on the merits, prohibiting further infringement of the valid claims of United States

4

Letters Patent No. 5,532,438; an accounting to determine defendant's profits and plaintiff's lost profits, and plaintiff's other damages resulting from defendant's infringement, and an award of an amount sufficient to compensate plaintiff for said infringement, and interest thereon; a trebling of the damages caused by defendant's infringement because of the wilful and deliberate nature of the infringement, and an award of such sum to plaintiff; an award of costs, disbursements, and of plaintiff's reasonable attorney's fees; and such other and further relief as to which this Court may find plaintiff herein entitled.

                                               Respectfully submitted,

                                               D. ARLON GROVES, P.C.

Dated: 30 March 2001                  _/s/ D. Arlon Groves_

D. Arlon Groves
One Riverway, Suite 1100
Houston, Texas 77056
Tel.: 713-629-4888
Tfx.: 713-629-4890

Attorney for Plaintiff
Brown Innovations, Inc.

5

The Exhibit(s) May

Be Viewed in the

Office of the Clerk